UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| KORVEL M. SUTTON,<br><br>Plaintiff,<br><br>v.<br><br>APPLE COMPUTERS ITUNES, et al.<br><br>Defendants.<br>_____/ | No. C 11-03911 LB<br><br>**ORDER (1) CONTINUING HEARING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, (2) DIRECTING THE CLERK OF THE COURT TO ISSUE SUBPOENA, AND (3) DIRECTING THE U.S. MARSHAL TO SERVE DOCUMENTS ON DEFENDANT APPLE** |

## I. BACKGROUND

On August 8, 2009, *pro se* plaintiff Korvel Sutton sued Apple Computers iTunes ("Apple") and individuals Donald McMillan and James Callon (collectively, "Defendants") for copyright infringement. Complaint, ECF No. 1.[1] Two days later, the court granted Mr. Sutton's application to proceed *in forma pauperis* and ordered the U.S. Marshal to serve Defendants with the complaint and summons. IFP Order, ECF No. 6.

Defendants were all successfully served by the U.S. Marshal. Acknowledgment of Service (Apple), ECF No. 8; Acknowledgment of Service (Callon), ECF No. 10; Acknowledgment of Service (McMillan), ECF No. 19. Service was accepted on behalf of Apple by a Mr. or Ms. Q. Ros, apparently a member of its legal department, at 2:00 p.m. on August 23, 2011. Acknowledgment of

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

Service (Apple), ECF No. 8.

Under Federal Rule of Civil Procedure 12(a)(1), Apple had until September 13, 2011 to answer Mr. Sutton's complaint, but, to date, Apple has failed to do so. So, Mr. Sutton requested that the Clerk of the Court enter Apple's default, which it did on October 18, 2011. Motion for Entry of Default, ECF No. 21; Entry of Default (Apple), ECF No. 25.

Mr. Sutton then moved for default judgment against Apple. Motion for Default Judgment, ECF No. 23. Recently, Mr. Sutton noticed a hearing on his motion for December 1, 2011. Notice of Motion, ECF No. 29.

## II. LEGAL STANDARD

After entry of default by the Clerk, courts are authorized to grant default judgment in their discretion. *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A court may consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those relating to damages. *Tele Video Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). When the damages claimed are not readily ascertainable from the pleadings and the record, the court may conduct a hearing to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

## III. DISCUSSION

In this case, Mr. Sutton Sutton, a former member of the early 1990s West Coast rap group, Pretty Boy Gangsters, alleges that Defendants infringed his copyrighted songs that appear on Pretty Boy Gangsters' 1991 album, *Rollin' Like A Star*. Complaint, ECF No. 1 at 3-4, Ex. 2-C.[2] Sutton alleges

---

[2] The following songs appear on *Rollin' Like A Star*: (1) "Pretty Boy Gangsters"; (2) "Hard as Fuck"; (3) "Activist"; (4) "Monies on My Mind"; (5) "Mack on Top of the Stack"; (6) "P.B.G.'s

that the album's songs have been made available for download on Apple's iTunes service without his consent or permission, in violation of Title 17 of the United States Code. *Id*. at 3-4, Ex. 2-A.

17 U.S.C. § 501(a) states that "[a]nyone who violated any of the exclusive rights of the copyright owner as provided by sections 106 through 122 . . . is an infringer of the copyright." "In order to state a claim for copyright infringement, plaintiff must show (1) that it owns a valid copyright in the allegedly infringed material, and (2) that defendants violated an exclusive right granted to the copyright owner. The exclusive rights of the copyright owner are enumerated in Section 106 and include 'to reproduce the copyrighted work in copies or phonorecords' and 'to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending.'" *IO Group, Inc. v. Pralat*, No. C 10–03647 WHA, 2011 WL 4713748, at *2 (N.D. Cal. Oct. 7, 2011) (quoting 17 U.S.C. § 106(1), (3)).

One difficulty presented here is how to calculate Mr. Sutton's damages. According to his complaint, he seeks "complete payment of all royalties from the sales and[/]or digital downloads of my copyrighted works." Complaint, ECF No. 1 at 5.[3] But only Apple knows how many of Pretty Boy Gangsters' songs it has sold. To remedy this problem, Mr. Sutton has asked this court to issue a subpoena that essentially commands Apple to produce documents setting forth the number of copies it has sold. Because Apple has failed to appear in this action, the court believes that issuing the

---

Get Funky (Rollin' like a Star)"; (7) "K the Buster"; (8) "On the Tip of a Mack"; (9) "Indo Smoke"; and (10) "It Ain't Right." Complaint, ECF No. 1, Exs. 1-A & 1-B.

[3] Where a plaintiff prevails in a copyright infringement case, he or she is entitled to recover the actual damages suffered as a result of a copyright infringement in addition to any profits earned by the copyright infringer. 17 U.S.C. 504(a). In the alternative, 17 U.S.C. § 504(c) allows a copyright owner to elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages in a sum of not less than $750 or more than $30,000 for each infringement, as the court considers just. Moreover, pursuant to 17 U.S.C. § 504(c)(2), a court has discretion to increase the award of statutory damages to $150,000 per infringement where an infringer's conduct is found to be willful. "Statutory damages are particularly appropriate in a case . . . in which defendant has failed to mount any defense or to participate in discovery, thereby increasing the difficulty of ascertaining plaintiff's actual damages." *Jackson v. Sturkie*, 255 F.Supp.2d 1096, 1101 (N.D. Cal. 2003).

subpoena – albeit with a later response date than Mr. Sutton requested[4] – is an appropriate next step.

## IV.  CONCLUSION

Currently, the hearing on Mr. Sutton's motion for noticed for December 1, 2011.  To allow Apple a reasonable amount of time to respond to Mr. Sutton's subpoena and provide additional notice of these proceedings, the court CONTINUES the hearing on Mr. Sutton's motion for default judgment to January 19, 2012 at 11:00 a.m. in Courtroom 4, Third Floor, United States District Court, 1301 Clay Street, Oakland, California, 94612.  This also is the place and date at which Apple shall be commanded to produce documents responsive to Mr. Sutton's subpoena.  In addition, out of an abundance of caution, the court directs the U.S. Marshal to serve a copy of the Clerk of the Court's entry of Apple's default, Mr. Sutton's motion for default judgment, his declaration in support thereof, his notice of motion, and this order on Apple.  *See* ECF Nos. 23, 24, 25, 29, 30.

**IT IS SO ORDERED.**

Dated: November 10, 2011

_____
LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California

---

[4] Mr. Sutton's proposed subpoena requires Apple to produce responsive documents to the court on November 24, 2011.  Given that this is only about two weeks away – and is the Thanksgiving Day holiday – the court modifies the response date as stated above.