UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| KORVEL M. SUTTON,<br><br>         Plaintiff,<br>   v.<br><br>APPLE COMPUTERS ITUNES *et al.,*<br><br>         Defendants.<br>_____/ | No. C 11-03911 LB<br><br>**ORDER GRANTING MOVANTS' MOTIONS TO INTERVENE**<br><br>[ECF Nos. 59, 63, 64] |

## I. INTRODUCTION

Two non-parties, Roderick Williams and Rams Horn BV ("Rams Horn"), have filed motions to intervene in this action. Having considered the papers submitted and the lack of opposition by any current party, the court hereby **GRANTS** both motions.

## II. BACKGROUND

On August 8, 2009, *pro se* plaintiff Korvel Sutton sued Apple Inc.[1] ("Apple") and individuals Donald McMillan and James Callon (collectively, "Defendants") for copyright infringement. Complaint, ECF No. 1.[2] Mr. Sutton, a former member of the early-1990s West Coast rap group, "Pretty Boy Gangsters," alleges that Defendants infringed his copyrighted songs that appear on

---

[1] Erroneously sued as "Apple Computers iTunes."

[2] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-03911 LB

1  Pretty Boy Gangsters' 1991 album, Rollin' Like A Star. Complaint, ECF No. 1 at 3-4, Exh. 2-C.[3]
2  Mr. Sutton alleges that the album's songs have been made available for download on Apple's iTunes
3  service without his consent or permission, in violation of Title 17 of the United States Code. *Id*. at
4  3-4, Exh. 2-A.

5  The court granted Mr. Sutton's application to proceed *in forma pauperis* and ordered the U.S.
6  Marshal to serve Defendants with the complaint and summonses. IFP Order, ECF No. 6. All three
7  Defendants were successfully served by the U.S. Marshal. Acknowledgment of Service (Apple),
8  ECF No. 8; Acknowledgment of Service (Callon), ECF No. 10; Acknowledgment of Service
9  (McMillan), ECF No. 19. Mr. Callon promptly answered the complaint. Answer (Callon), ECF No.
10 9. After some delay, Apple answered the complaint on November 21, 2011, and Mr. McMillan filed
11 an answer on February 22, 2012. Answer (Apple), ECF No. 39; Answer (McMillan), ECF No. 73.

12 Pursuant to the court's standard procedure, Mr. Sutton, Mr. Callon and Apple attended the initial
13 case management conference on February 9, 2012. Minute Entry, ECF No. 58. During the course
14 of that conference, Mr. Callon, Mr. Sutton and Apple voiced concern that two other potential parties
15 – namely, Roderick Williams, who, along with Mr. Sutton, co-founded the Pretty Boy Gangsters and
16 is named on the copyright attached to the initial complaint (Complaint, ECF No. 1 at 11, Exh. 2-C),
17 and Rams Horn, a Dutch entity that alleges it entered into an agreement with Mr. McMillan[4]
18 transferring to it "all rights in the audio master recordings and the musical compositions embodied in
19 such masters" of the songs at issue here (Amended Counter- and Cross-Claims, ECF No. 66 at 2, ¶¶
20 2, 10, Exh. 2) – may need to be added to this case. The parties agreed to meet and confer in order to
21 determine the optimal procedure for adding all necessary parties, and to file the required motions
22 accordingly.

---

[3] The following songs appear on *Rollin' Like A Star*: (1) "Pretty Boy Gangsters"; (2) "Hard as Fuck"; (3) "Activist"; (4) "Monies on My Mind"; (5) "Mack on Top of the Stack"; (6) "P.B.G.'s Get Funky (Rollin' like a Star)"; (7) "K the Buster"; (8) "On the Tip of a Mack"; (9) "Indo Smoke"; and (10) "It Ain't Right." Complaint, ECF No. 1 at 7-8, Exhs. 1-A & 1-B.

[4] Rams Horn alleges that its predecessor in interest, Rams Horn Productions BV, entered into a contract with Macola Records Group, Inc., of which Mr. McMillan was then president and owner. Amended Counterclaim, ECF No. 66 at 2, ¶¶ 2, 5.

1    Subsequently, Mr. Williams filed a motion to intervene as a plaintiff in the action on February 9,
2  2012. Motion (Williams), ECF No. 59.[5]  Rams Horn filed an answer to the complaint and a motion
3  to intervene as a defendant on February 13, 2012. Motion (Rams Horn), ECF No. 61; Answer, ECF
4  No. 62. Rams Horn has also filed counter- and cross-claims against all plaintiffs. Amended
5  Counter- and Cross-Claims, ECF No. 66. Apple has filed statements of non-opposition to the
6  intervention of both Mr. Williams and Rams Horn. Statement of Non-Opposition (re: Williams),
7  ECF No. 68; Statement of Non-Opposition (re: Rams Horn), ECF No. 70. To date, no parties have
8  voiced any objections.

### III. LEGAL STANDARD

10   Under Rule 24(a)(2), a non-party has the right to intervene in any action if it can "claim an
11 interest relating to the property or transaction that is the subject of the action, and is so situated that
12 disposing of the action may as a practical matter impair or impede the movant's ability to protect its
13 interests, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). In
14 *Wilderness Society v. United States Forest Service*, the Ninth Circuit provided a four-part test for
15 analyzing motions to intervene under Rule 24(a)(2): (1) The motion must be timely; (2) the applicant
16 must claim a "significantly protectable" interest relating to the property or transaction which is the
17 subject of the action; (3) the applicant must be so situated that the disposition of the action may as a
18 practical matter impair or impeded its ability to protect that interest;  and (4) the applicant's interest
19 must be inadequately represented by the parties to the action. 630 F.3d 1173, 1177 (9th Cir. 2011)
20 (en banc) (citing *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)).

21   In determining whether the requirements of Rule 24(a)(2) have been met, the Ninth Circuit
22 directs district courts to follow "practical and equitable considerations" and to construe the Rule
23 "broadly in favor of proposed intervenors." *United States v. City of Los Angeles,* 288 F.3d 391, 397
24 (9th Cir. 2002) (internal quotation marks omitted); *see also Sw. Ctr. for Biological Diversity v.*
25 *Berg,* 268 F.3d 810, 818 (9th Cir. 2001). Accordingly, this Circuit has rejected any requirement that
26 the intervening party have a "specific legal or equitable interest" in the action in which they seek to

---

28     [5] Mr. Williams also filed a motion for joinder. Motion for Joinder, ECF No. 63. Because the court grants his motion for intervention, his motion for joinder is DENIED as moot.

intervene. *County of Fresno v. Andrus,* 622 F.2d 436, 438 (9th Cir. 1980); *United States v. City of Los Angeles,* 288 F.3d 391, 398 (9th Cir. 2002). Instead, the "interest" prong is "'primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.'" *County of Fresno*, 622 F.2d at 428 (quoting *Nuesse v. Camp,* 385 F.2d 698, 700 (D.C. Cir. 1967)). Most importantly here, "a prospective intervenor 'has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation.'" *Wilderness Soc'y,* 630 F.3d at 1179 (quoting *California ex rel. Lockyer v. United States,* 450 F.3d 436, 441 (9th Cir. 2006)).

## IV. DISCUSSION

A. Timeliness

Three factors are considered when a court considers the timeliness of an application for intervention under Rule 24(a)(2): "1) the stage of the proceeding at which an applicant seeks to intervene; 2) the prejudice to other parties; and 3) the reason for and length of the delay." *California Dept. of Toxic Substances Control et al. v. Commercial Realty Projects et al.,* 309 F.3d 1113, 1119 (9th Cir. 2002). "Timeliness is a flexible concept; its determination is left to the district court's discretion." *U.S. v. Alisal Water Corp.,* 370 F.3d 915, 921 (9th Cir. 2004) (citing *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1156 (9th Cir. 1981)).

Mr. Williams filed his application for intervention on February 9, 2011, the same day as the initial case management conference where Mr. Williams's absence was first brought to the court's attention. Motion, ECF No. 59. Due to the lack of prejudice (and the failure of any party to suggest as much) and the relatively early stage of the litigation, the court finds that Mr. Williams's motion is timely.

Rams Horn filed its motion on February 14, 2012, five days after the initial case management conference. Motion, ECF No. 64. Based on the above-listed factors, and for similar reasons as described with respect to Mr. Williams, the court finds that Rams Horn's intervention is timely as well.

B. Interest in the Subject Action

"To demonstrate a significant protectable interest, an applicant must establish that the interest is

protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." *Citizens for Balanced Use v. Montana Wilderness Ass'n,* 647 F.3d 893, 897 (9th Cir. 2011) (internal citations omitted).

Along with Mr. Sutton, Mr. Williams is a co-founder of the Pretty Boy Gangsters and is named on the copyright attached to the initial complaint. *See* Complaint, ECF No. 1 at 11, Exh. 2-C. Because the copyrights to the recordings made by the now-defunct rap group are at issue here, Mr. Williams clearly has a significant protectable interest in the subject matter of this litigation.

Rams Horn claims that Mr. McMillan transferred to it the copyrights to the songs at issue in this case. Amended Counter- and Cross-Claims, ECF No. 66, Exh. 2. Because Rams Horn claims rights over these songs, the court finds it has a significant protectable interest in the litigation.

C. Impairment of Ability to Protect Interest

"If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene . . . . " *Id.* at 898 (citing Fed. R. Civ. P. 24 advisory committee's note).

As noted above, Mr. Williams claims to have an ownership interest in the songs. A finding by this court that Mr. Williams does not, in fact, have such an interest would substantially affect his claimed ownership rights. Therefore, Mr. Williams satisfies the "impairment" prong.

Similarly, a finding that Rams Horn never validly purchased the rights to the songs, as it believes it did, would substantially affect their interests. Because of this potential consequence, Rams Horn has also established that they may be substantially affected by this litigation.

D. Adequacy of Representation

In determining whether the existing parties adequately represent the interests of the purported intervenor, the Ninth Circuit considers three criteria: (1) Whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the invervenor would offer any necessary elements to the proceeding that other parties would neglect. *People of State of California v. Tahoe Regional Planning Agency,* 792 F.2d 775, 778 (9th Cir. 1986) (internal citations omitted).

Mr. Williams claims partial ownership of rights in the Pretty Boy Gangsters material at issue in

this case.  Because Mr. Williams has no representative in the action, because it is not argued that a current party will make all of his arguments for him and because his presence is necessary for a complete resolution of this litigation, Mr. Williams has a right to intervene.

Rams Horn intends to defend the agreement that it believed grants it the copyrights to the property at issue here.  Because it is unclear what positions the other parties will take in this action, and because Rams Horn's property interests could be adversely affected, Rams Horn should be allowed to intervene.

## V. CONCLUSION

Mr. Williams and Rams Horn have demonstrated that they satisfy all of the requirements for intervention by right under Rule 24(a)(2).  For the foregoing reasons, the court **GRANTS** Mr. Williams's and Rams Horn's motions to intervene.

With respect to case management, it is the court's understanding that Mr. Sutton recently attempted to file a First Amended Complaint that would add Mr. Williams as a plaintiff.[6]  Now that the court has granted Mr. Williams's motion to intervene, Mr. Sutton and Mr. Williams may file a First Amended Complaint no later than March 23, 2012.  Should a First Amended Complaint be filed, Defendants shall answer or otherwise respond to the First Amended Complaint in accordance with Federal Rule of Civil Procedure 12.  If a First Amended Complaint is not filed, the parties are ordered to meet and confer to determine the best procedure for going forward with, and responding to, the pleadings already on file.[7]

This disposes of ECF Nos. 59, 63, 64.

///

///

///

---

[6] The Clerk of the Court suggested that Mr. Sutton wait until the court ruled on the motions to intervene before filing a First Amended Complaint.

[7] The court notes that Rams Horn filed an answer to Mr. Sutton's original complaint and also filed counter- and cross-claims against the parties.  Should a First Amended Complaint not be filed by March 23, 2012, Rams Horn's answer and its counter- and cross-claims shall be deemed filed on that date, and the parties shall proceed in accordance with Federal Rule of Civil Procedure 12.

**IT IS SO ORDERED.**

Dated: March 2, 2012

_____
LAUREL BEELER
United States Magistrate Judge